9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony GIBBONS, Defendant-Appellant.
 No. 92-5488.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Gary M. Bowman, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Anthony Gibbons appeals from the district court's entry of judgment and pronouncement of sentence upon a jury verdict. Gibbons was found guilty of two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C.s 841(a) (1988). His court-appointed counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue, but contending that no issues existed that merited appeal. Counsel and this Court notified Gibbons of his right to file a supplemental brief; he has not done so. We affirm the judgment and sentence.
 
 
 2
 Gibbons attacks the admission, over his objection, of testimony regarding the laboratory analyses of the substance seized during a search of his house and the substance purchased from him by an undercover officer. His attack must fail. Gibbons admitted possessing the cocaine on both occasions during trial. Gibbons's admissions apparently stemmed from his defense to the conspiracy charge of which he was ultimately acquitted. Assuming, arguendo, that the testimony was erroneously admitted, the admission was harmless because Gibbons admitted possessing the cocaine. Thus, there is no ground for reversal on this alleged error. Fed. R. Crim. P. 52(a). Gibbons makes no other allegation of error.
 
 
 3
 In accordance with the requirement of Anders, we have examined the entire record in this case and find no other potentially meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED